IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THORNAPPLE ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv767 (JCC/TRJ) |
| ) | |
| ALLEN IZADPANAH, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| COLLETT CLARK LLP, ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Thornapple Associates, Inc.'s ("Thornapple" or "Plaintiff") Motion to Sever. [Dkt. 56.] For the following reasons, the Court will deny the motion in part and order separate trials in this action.

**I. Background**

This case arises out of a dispute over an expert fee agreement. Allen Izadpanah ("Izadpanah") retained the legal services of Collett Legal and later Collett Clark LLP to represent him in a National Futures Association ("NFA") arbitration proceeding. (Am. Third Party Compl. [Dkt. 53] ¶¶

1

12-13.)  As part of that proceeding, Collett Clark LLP and Izadpanah engaged the expert witness services of Thornapple Associates, Inc. ("Thornapple") (*Id.* ¶ 7.)  In the original complaint, Thornapple asserts claims of breach of contract, account stated, quantum meruit, and unjust enrichment arising out of Izadpanah's alleged non-payment of expert witness fees. (*Id.*)  Izadpanah denies liability for Thornapple's fees.  (Am. Third Party Compl. ¶ 7.)  However, to the extent that he is found liable, Izadpanah contends that Collett Clark LLP is responsible for half of the outstanding balance as well as half of any money already paid to Thornapple pursuant to a contract he had with the firm.  (*Id.* ¶ 9, ¶¶ 23-28.)

Izadpanah originally filed a third-party complaint against Joseph Clark ("Clark") and Gregory Collett ("Collett") individually, law partners at Collett Clark LLP.  (Third Party Compl. [Dkt. 21].)  After considering Clark and Collett's motions to dismiss, the Court denied their motions in part and granted them in part because Izadpanah had named the incorrect parties.  (9/30/14 Order [Dkt. 48].)  The Court gave Izadpanah ten days to re-file the suit naming Collett Clark LLP as the proper party.  (9/30/14 Order [Dkt. 48].)

Izadpanah complied with the Court's order and filed an amended third-party complaint on October 9, 2014, raising the same breach of contract claim against Collett Clark LLP.  (Am.

Third Party Compl. [Dkt. 53].) Discovery in the case closed on October 10, 2014. (Scheduling Order [Dkt. 15].) Collett Clark LLP filed an answer and a counterclaim against Izadpanah on December 9, 2014. (Answer [Dkt. 60].) The counterclaim alleges that Izadpanah has failed to pay for arbitration expenses that Collett Clark LLP advanced on his behalf. (*Id.* ¶¶ 8-12.)

Thereafter, Thornapple moved to sever Collett Clark LLP from the action. (Motion to Sever [Dkt. 56].) Thornapple requested a hearing on this motion [Dkt. 59], but in accordance with E.D. Va. Local Civil Rule 7(J) and Rule 78 of the Federal Rules of Civil Procedure, the Court dispenses with oral argument and issues this ruling without a hearing. Having been fully briefed, then, Thornapple's motion is now before the Court.

## II. Legal Standard

Federal Rule of Civil Procedure 14 governs third-party practice. Rule 14(a) allows a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Once a third-party defendant is joined "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). The primary objective of third-party procedure is to avoid circuity and multiplicity of actions. *Laborers' Dist. Council & Disability Trust Fund No. 2. v. Geofreeze, Inc.*, 298 F.R.D. 300, 301-02 (D. Md. 2014) (citing

3

*Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962)). The rule does so

> by drawing into one proceeding all parties who may become ultimately liable, so that they may therein assert and have a determination of their various claims inter sese. This is intended to save the time and cost of duplicating evidence and to obtain consistent results from identical or similar evidence, as well as to avoid the serious handicap of a time lag between a judgment against the original defendant and a judgment in his favor against the third party defendant.

*Id.* (quoting *Am. Export Lines v. Revel*, 262 F.2d 122, 124-25 (4th Cir. 1958)).

A court may, on motion or on its own, sever any claim against a party. Fed. R. Civ. P. 21. "[A] court has virtually unfettered discretion in determining whether or not severance is appropriate." *17th Street Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 598 n. 9 (E.D. Va. 2005).

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision whether to order separate trials is in the sound discretion of the trial judge. *Saint John's African Methodist Episcopal Church v. GuideOne Specialty Mut. Ins. Co.*, 902 F. Supp. 2d 783,

785 (E.D. Va. 2012) (citation and internal quotation marks omitted).

### III. Analysis

Thornapple argues that it is prejudiced by the "late filing" of the Amended Third-Party Complaint and joinder of Collett Clark LLP. (Pl.'s Mot. [Dkt. 56] at 2.) Thornapple believes more motions practice is likely from Collett Clark LLP. (*Id.* at 3.) Additionally, Thornapple asserts that Izadpanah's claim against Collett Clark LLP can be resolved independently of its collection dispute with Izadpanah. (*Id.*) Izadpanah responds that it is inefficient to have two separate trials on this issue. (Def.'s Opp. [Dkt. 62] at 1.) Izadpanah is requesting indemnification from Collett Clark LLP for half of any potential damage award. (*Id.* at 2.) Furthermore, "[t]he central issue in the trial is the reasonableness of the fees charged by [Thornapple]. Collett Clark LLP was instrumental in directing [Thornapple's] activities and communicating with them on behalf of their client[,] the Defendant." (*Id.* at 2-3.) Collett Clark LLP has filed nothing in response to Thornapple's motion to sever.

Assuming, *arguendo*, that the Court grants the motion to sever, it must consider the possibilities as to what will happen. If the original action ("the Thornapple action") reaches judgment first and Izadpanah is liable, then Izadpanah

must proceed with a second suit to determine whether Collett Clark LLP owes him any indemnity obligation.  If, instead, the judgment in the Thornapple action is in Izadpanah's favor, then Izadpanah does not need to concern himself with additional lawsuits.  But severing the cases effectively acts as a dismissal of the third-party complaint.  Until there is a judgment that he is liable to Thornapple, any injury to Izadpanah is speculative.  Without injury, Izadpanah lacks standing under Article III of the Constitution to bring suit against Collett Clark LLP.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[B]y injury in fact we mean] an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not 'conjectural' or 'hypothetical.'").

> The Court also finds persuasive case law that states where the governing state law recognizes a right of contribution in tort cases, "impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors."  6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1448 (3d ed. 2002).  "The availability of impleader enables the right of contribution to be litigated concurrently with the main claim."  *Id.*  Though this is not a tort case, Izadpanah is seeking contribution from Collett Clark LLP for potential liability on an outstanding

debt.  Therefore, it promotes judicial economy to resolve who is liable to whom and in what amount in one action.

However, the Court finds that separate trials are appropriate under Federal Rule of Civil Procedure 42(b). Separate trials are a distinct procedure from severance.  9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2387 (3d ed. 2002). "Separate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." *Id.*  As noted above, the Court has serious concerns about judicial economy if it were to sever this case, resulting in two independent actions.  Ordering two separate trials addresses these economy concerns while also allowing the underlying action to proceed on schedule. Furthermore, it prevents confusion.  As there is now a counterclaim in the third-party suit, litigating all the claims in one trial will be needlessly distracting for the jury. Therefore, if necessary, a separate trial date will be set for third-party plaintiff Izadpanah's claim against Collett Clark LLP after there has been a resolution in the Thornapple action.[1]

---

[1] The Thornapple action is currently set for a two-day jury trial starting February 3, 2015.  ([Dkt. 22].)

## IV. Conclusion

For the foregoing reasons, Thornapple's motion to sever is denied in part. The Court will order separate trials in this action. An appropriate order will issue.

|  |  |
|---|---|
| December 17, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |